IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SALIH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FREMONT, et al.,<br><br>    Defendants. | Case No. 23-cv-05108-CRB<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

Defendants move to dismiss this action for failure to prosecute. Plaintiff Vincent Salih failed to timely respond to Defendants' motion, continuing his months-long trend of not pursuing litigation in this matter. For the following reasons, Defendants' motion is **GRANTED**.

I.   **BACKGROUND**

Plaintiff first filed his complaint in this case in October 2023. Compl. (dkt. 1). Defendants answered the complaint in December 2023. Ans. (dkt. 9). Defendants tried to engage in discovery through 2024 and into 2025—serving written discovery, noticing a deposition of Plaintiff, and preparing case management statements. MTD (dkt. 34) at 3–4. In June 2025, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute. OSC (dkt. 27). Plaintiff responded, explaining that he intended to prosecute the action but giving no explanation for his lack of responsiveness. OSC Resp. (dkt. 28). The Court accepted Plaintiff's response but warned him: "it is his obligation—not the Court's—to prosecute his case. That means he must participate in discovery. Failure to do so moving forward may be grounds for dismissal of this action under Federal Rule of Civil Procedure 41(b)." Order Extending Deadlines (dkt. 30).

Following the Court's order extending deadlines, Defendants sent Plaintiff (at the same address to which the order to show cause was sent and, apparently, received) a meet-and-confer letter with the Court's order, Defendants' discovery requests, and a deposition notice. Meet-and-Confer Letter (dkt. 34-2); Notice of Deposition (dkt. 34-4); Discovery Requests (dkt. 34-6). Plaintiff did not respond, though he confirmed receipt of his deposition notice over the phone. Moriarty Decl. (dkt. 34-1) ¶¶ 4, 7. He did not serve responses to Defendants' discovery requests or requests for admission. Id. ¶ 5. Nor did he attend his deposition, leaving a voicemail with Defendants' counsel that morning with no explanation or alternative date. Id. ¶ 8; Dep. Tr. (dkt. 34-5).

Defendants now move to dismiss for failure to prosecute. MTD. Plaintiff did not file a timely response by September 2, 2025.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action or claim if "the plaintiff fails to prosecute or to comply with these rules or a court order." Courts within the Ninth Circuit consider five factors in determining whether to dismiss an action under these circumstances, with or without prejudice: (1) "the public's interest in expeditious resolution of litigation," (2) "the court's need to manage its docket," (3) "the risk of prejudice to the defendants," (4) "the public policy favoring disposition of cases on their merits," and (5) "the availability of less drastic sanctions." Moss v. City of Los Angeles, 663 F. App'x 529, 530 (9th Cir. 2016) (citation omitted). The first two factors typically favor dismissal with prejudice, while the fourth typically favors dismissal without prejudice (if at all). Id.

## III. DISCUSSION

The Court focuses first on the risk of prejudice to Defendants. Delay itself is not prejudice, but "[t]he longer the delay, the more likely prejudice becomes." Nealy v. Transp. Maritima Mexicana S.A., 662 F.2d 1275, 1281 (9th Cir. 1980). Prejudice typically entails something like "loss of evidence [or] loss of memory by a witness," id., though unreasonable or excessive costs can cause prejudice, see Grine v. Coombs, 214 F.R.D.

2

312, 367 (W.D. Pa. 2003). Here, there is some risk of witnesses' memory fading, especially because Plaintiff has not made any discovery requests, so witnesses he would want to depose have never been made aware that they would need to recall the events giving rise to this litigation. As for costs, Defendants have already incurred costs above and beyond those typical in litigation, even where a plaintiff fails to prosecute: they have prepared case management statements entirely on their own, and they have prepared for a deposition that was canceled only at the last minute.[1] These costs go beyond the typical costs of litigation and constitute prejudice to Defendants, and it is likely that Defendants will suffer further prejudice should this case proceed.

The Court next turns to the availability of lesser sanctions. Courts "must explore possible and meaningful alternatives" before dismissing a case for failure to prosecute. Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999). Courts can, however, properly consider a party's previous delays in determining whether dismissal is appropriate. Link v. Wabash R.R. Co., 370 U.S. 626, 634–35 (1962). And a clear warning of the risk of dismissal is a lesser sanction. Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987). Here, the Court (and Defendants) clearly warned Plaintiff about his need to prosecute the case, including by engaging in discovery; Plaintiff has completely ignored this warning. Plaintiff has also delayed this case significantly, failing to prosecute it for nearly two years. He has not even responded to Defendants' pending motion highlighting these flaws. And considering Plaintiff's representation in other cases filed in this district that he is unable to pay the filing fee—see IFP Appl., Salih v. City of Fremont, No. 24-cv-6983 (N.D. Cal. Filed Oct. 4, 2024), ECF 2—the Court finds that monetary fines would not be a meaningful or appropriate lesser sanction.

Weighing all the factors together, the Court finds that dismissal with prejudice is appropriate. Plaintiff has taken no steps to move this case forward, has repeatedly wasted

---

[1] Ordinarily, a party's failure to appear for a properly noticed deposition or failure to respond to interrogatories is sanctionable, including by dismissal of the action. Fed. R. Civ. P. 37(d)(1)(A), (3).

3

the Court's and Defendants' time, and has failed to heed clear warnings about the risk of his lack of diligence. Plaintiff's sole participation in this case was to avoid dismissal in response to the Court's order to show cause; dismissal without prejudice would simply permit Plaintiff to reopen the case and then continue his delay. The parties and the Court deserve finality.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

Dated: September 8, 2025

CHARLES R. BREYER
United States District Judge